IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

JACKIE LYNN REYES                              Case No.  06-32767
a/k/a JACLYN HOUSTON

        Debtor

ILLABELLE LEE

        Plaintiff

v.                                             Adv. Proc. No. 06-3172

JACKIE LYNN REYES

        Defendant


MEMORANDUM ON MOTION TO
ALTER OR AMEND REMAND ORDER


**APPEARANCES:**   JACKIE LYNN REYES
        7755 Wood Road
        Corryton, Tennessee  37721

        12251A Hand Road
        Collinsville, Mississippi  39325
        Debtor, *Pro Se*

        WADE M. BOSWELL, ESQ.
        Post Office Box 221
        Knoxville, Tennessee  37901
        Attorney for Plaintiff


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the motion, entitled in material part, "Motion, by Debtor, to Alter or Amend January 11, 2007 Order Directing That the Mater of Civil Action Number 44003DT in the General Sessions Court for Knox County, Tennessee is Remanded to That Court"[1] (Motion to Alter or Amend) filed by the Debtor, *pro se*, on January 23, 2007, asking the court to amend its Order entered on January 11, 2007, remanding this action to the General Sessions Court for Knox County, Tennessee, "to reflect that [the Debtor's bankruptcy] case is dismissed on grounds that the Debtor has not completed her course in financial management and failed to appear before this court on January 11, 2007."[2]

The Debtor filed the Voluntary Petition commencing her case under Chapter 7 of the Bankruptcy Code on November 20, 2006. On November 21, 2006, she commenced this adversary proceeding by the filing of a Notice of Removal, thereby removing to the bankruptcy court a detainer action filed against her in the General Sessions Court for Knox County, Tennessee, on November 1, 2006, by the Plaintiff, seeking to obtain possession of leasehold property occupied by the Debtor at 7755 Wood Road, Corryton, Tennessee 37721. On December 21, 2006, the court entered an Order directing the Debtor to appear on January 11, 2007, and show cause why the court should not abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) and to further show cause why this matter should not be remanded to the General Sessions Court because it was based solely

---

[1] The motion was filed by the Debtor in her bankruptcy case file and is entitled in its entirety as "Motion, by Debtor, to Alter or Amend January 11, 2007 Order Dismissing the Debtor's Entire Chapter 7 Case Number 3:06BK-32767 for Not Timely Filing Statements, Schedules, and Other Documents, and Motion, by Debtor, to Alter or Amend January 11, 2007 Order Directing That the Mater of Civil Action Number 44003DT in the General Sessions Court for Knox County, Tennessee is Remanded to That Court." The motion was also docketed in this adversary proceeding to allow the court to address issues related thereto.

[2] The court is not clear regarding the benefit to the Debtor were her Motion to Alter or Amend to be granted.

upon state law issues of unlawful entry and detainer. The Debtor did not appear at the scheduled show cause hearing held on January 11, 2007, and the court entered an Order on that date abstaining from hearing the detainer action and remanded it to the General Sessions Court for Knox County, Tennessee (Remand Order). The Debtor then filed the present Motion to Alter or Amend on January 23, 2007.

Rule 59(e) of the Federal Rules of Civil Procedure states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e) (applicable to bankruptcy proceedings pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure). The Remand Order constituted a final order. *See Vogel v. United States Office Prods. Co.*, 258 F.3d 509, 513 (6th Cir. 2001) ("Title 28 U.S.C. § 1447(d)[3] precludes review of a final remand order, and certification of a remand order to a state court divests a federal court of jurisdiction."). As such, it was subject to Rule 59(e).

Rule 59(e) requires that a motion to alter or amend be filed within ten days from the date of entry of the final order. The court entered the Remand Order on January 11, 2007. The 10-day period expired on January 21, 2007; however, because this date fell on a Sunday, by virtue of Rule 9006(a) of the Federal Rules of Bankruptcy Procedure,[4] the Debtor had through Monday, January 22,

---

[3] The parallel statute for removing claims to the bankruptcy court is 28 U.S.C. § 1452 (2006), which is implemented procedurally by Rule 9027 of the Federal Rules of Bankruptcy Procedure.

[4] Rule 9006(a) provides, in material part, as follows:

In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

(continued...)

3

2007, to file a motion under Rule 59(e).  The Debtor's Motion to Alter or Amend was filed on January 23, 2007, and is therefore untimely.  As such it will be denied.  *See Taylor v. Freeland & Kronz*, 112 S. Ct. 1644, 1648 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.").

An order consistent with this Memorandum will be entered.

FILED:  January 31, 2007

> BY THE COURT
>
> /s/  RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE

---

[4](...continued)
FED. R. BANKR. P. 9006(a).